UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Gavin Craig, et al.,                                    Case No. 3:24-cv-846

          Plaintiffs,

     v.                                             MEMORANDUM OPINION
                                  AND ORDER

Gree U.S.A., Inc., et al.,

          Defendants.

## I.     INTRODUCTION

Before me is Defendants' collective motion to dismiss Plaintiffs' fraud claim asserted as Count 2 of Plaintiffs' Amended Complaint.  (Doc. No. 13; *see also* Doc. No. 11 at 12-15).  Plaintiffs filed a brief in opposition to the motion to dismiss, (Doc. No. 14), and Defendants filed a reply. (Doc. No. 15).

## II.     BACKGROUND

On or about March 15, 2024, a fire occurred at Plaintiffs' Lima, Ohio home.  (Doc. No. 11 at 5).  The fire originated from a portable dehumidifier that was designed, manufactured, and distributed by Defendants.  (*Id.*).

Between 2013 and 2016, a series of recalls were issued for Defendants' dehumidifiers based on serious fire hazards associated with the products.  (*Id.* at 5-6).  Plaintiffs allege "Defendants made unauthorized use of the Underwriters Laboratories ('UL') certification mark on Recalled Dehumidifiers despite knowing that the Recalled Dehumidifiers did not comply with the applicable UL flammability standards."  (*Id.* at 6).  Plaintiffs further claim Defendants did so "with specific

intent to defraud customers," including themselves.  (*Id.*).  Based on these allegations, Plaintiffs bring the fraud claim currently at issue.

### III.    STANDARD

Rule 12 provides for the dismissal of a claim for "failure to state a claim upon which relief can be granted."  Fed. R. Civ. P. 12(b)(6).  A court must accept as true all of the factual allegations contained in the complaint when ruling on a motion to dismiss.  *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Thurman v. Pfizer, Inc.*, 484 F.3d 855, 859 (6th Cir. 2007).  To survive a motion to dismiss under Rule 12(b)(6), "even though a complaint need not contain 'detailed' factual allegations, its 'factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true.'"  *Ass'n of Cleveland Fire Fighters v. City of Cleveland*, 502 F.3d 545, 548 (6th Cir. 2007) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citations and quotation marks omitted)).

The plaintiff must offer more than conclusory allegations or legal conclusions masquerading as factual allegations.  *Twombly*, 550 U.S. at 555 (The complaint must contain something more than "a formulaic recitation of the elements of a cause of action.").  A complaint must state sufficient facts which, when accepted as true, state a claim "that is plausible on its face."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (explaining that the plausibility standard "asks for more than a sheer possibility that a defendant has acted unlawfully" and requires the complaint to allow the court to draw the reasonable inference that the defendant is liable for the alleged misconduct).

Because the claim at issue is one of fraud, Rule 9(b)'s heightened pleading standard applies. Fed. R. Civ. P. 9(b).  Rule 9(b) requires a plaintiff: "(1) to specify the allegedly fraudulent statements; (2) to identify the speaker; (3) to plead when and where the statements were made; and (4) to explain what made the statements fraudulent."  *Republic Bank & Tr. Co. v. Bear Stearns & Co., Inc.*, 683 F.3d 239, 247 (6th Cir. 2012) (citation omitted).

#### IV.     DISCUSSION

Defendants assert Plaintiffs' fraud claim must be dismissed because (1) it is barred by the Ohio Product Liability Act ("OPLA"), O.R.C. § 2307.71-2307.80; and (2) it was not pled with the heightened particularity required by Rule 9(b).  (Doc. No. 13-1).

The OPLA is "intended to abrogate all common law product liability claims or causes of action."  O.R.C. § 2307.71(B).  But "[c]laims of active misrepresentation (as opposed to failure to warn) . . . are not abrogated by the OPLA."  *Meta v. Target Corp.*, 74 F. Supp. 3d 858, 865 (N. D. Ohio 2015); *see also Heide v. Ethicon, Inc.*, No. 4:20CV160, 2020 WL 1322835, at *3 (N.D. Ohio Mar. 20, 2020) ("Claims of fraud that are grounded in the duty to not deceive, rather than the duty to warn, are not preempted by the OPLA.") (citing cases).

In the Amended Complaint, Plaintiffs support their fraud claim by alleging Defendants both "affirmatively misrepresented" and "represented by omission" that the product was safe.  (Doc. No. 11 at 12).  But Plaintiffs implicitly admit in their opposition brief that their claim of fraud can survive only as to affirmative misrepresentations.  (*See* Doc. No. 14 at 5-9).  With this, I grant Defendants' motion to dismiss as to Plaintiffs' fraud claim based on omissions – that is, those related to Defendants' alleged failure to warn or "advise customers."  (*See* Doc. No. 11 at 12-13).

Remaining is the question of whether Plaintiffs have pled with particularity a fraud claim based on any affirmative misrepresentation by Defendants.  Relevant to this matter are the following Complaint allegations:

> a. The Recalled Dehumidifiers, including the Subject Dehumidifier, did not comply with the applicable UL flammability standards for which they were advertised and marked to conform;
>
> …
>
> d.  The Recalled Dehumidifiers, including the Subject Dehumidifier, was intentionally misrepresented to consumers, including Plaintiffs, through packaging, labelling, box artwork, advertising, and otherwise, to comply with safety [standards] with which, in fact, the product did not comply;

> e. The Recalled Dehumidifiers, including the Subject Dehumidifier, intentionally misrepresented to consumers, including Plaintiffs, through packaging, labelling, box artwork, advertising, and otherwise, to include safety features which, in fact, the product did not include[.]

(*Id.* at 12-13). Plaintiffs do not identify any safety features which were advertised but not included. They also do not state any affirmative misrepresentation that would fall within Paragraph (d) other than the "UL" marking described in Paragraph (a). In short, the only particularly-pled affirmative misrepresentation is that related to the "UL" mark. Again, Plaintiffs implicitly admit as much in their briefing.[1] (*See, e.g.*, Doc. No. 14 at 7, 11).

Defendants contend Plaintiffs' fraud claim based on the "UL" mark must still fail because it does not satisfy Rule 9(b)'s heightened pleading standard. Specifically, in part, Defendants argue "Plaintiffs have not pled sufficient facts to establish a misrepresentation of fact or the Craigs' justifiable reliance." (Doc. No. 15 at 8). On this point, I agree with Defendants.

It is well-settled that "[u]nder federal pleading standards, the complaint must state with particularity the false statement of fact made by the defendant which the plaintiff relied on and the facts showing the plaintiff's reliance on [the] defendant's false statement of fact." *Windsor-Laurelwood Ctr. Behav. Med. v. Waller Landsen Dortch & Davis*, No. 1:13 CV 00098, 2015 WL 1859005, at *5 (N.D. Ohio Apr. 22, 2015) (internal quotation marks and further citation omitted). "Conclusory statements of reliance are not sufficient to explain with particularity how [the plaintiff] detrimentally relied on the alleged fraud." *Evans v. Pearson Enters., Inc.*, 434 F.3d 839, 852-53 (6th Cir. 2006).

---

[1] Within their opposition brief, Plaintiffs make several passing references to alleged misrepresentations made to the United States government, retailers, and consumers generally. But the only representations relevant to Plaintiffs' fraud claim are those made to Plaintiffs themselves. *See, e.g., Morgan Stanley Credit Corp. v. Fillinger*, 979 N.E.2d 362, 368 (Ohio Ct. App. 2012) ("[A] cause of action for fraud will only lie when the complainant actually relied upon the representation, to her detriment, and the claimed injury must flow from the complainant's reliance on the alleged misrepresentation.").

Here, Plaintiffs state the following to show justifiable reliance:

51. The Plaintiffs justifiably relied on the representations and/or omissions of Defendants, and they believed that the Subject Dehumidifier was safe and suitable for its intended use when they purchased the Subject Dehumidifier.

…

53. The Craigs justifiably relied upon the Defendants' misrepresentations in deciding to purchase the Dehumidifier.

…

56. The Gree Defendants knew or should have known that Plaintiffs and other similarly situated consumers relied upon it to adequately inform them about the Recalled Dehumidifiers, including the Dehumidifier, and their fitness for use in a residential dwelling.

(Doc. No. 11 at 14).  These statements of reliance are merely conclusory and do not satisfy Rule 9(b)'s heightened pleading standard.  Therefore, while not abrogated by the OPLA, Plaintiffs' fraud claim based on affirmative misrepresentations must also be dismissed because it was not pled with particularity as required by Rule 9(b).

## V.  CONCLUSION

For the foregoing reasons, I grant Defendants' motion to dismiss Plaintiffs' fraud claim. (Doc. No. 13).

As a final note, I remind counsel of my expectation that all litigants and counsel involved in cases before me treat one another with civility and respect.  While litigation is adversarial by nature, and I often admire the passion of counsel on behalf of their clients, attacks on opposing counsel such as those contained in the briefing on this issue are unacceptable.


So Ordered.

s/ Jeffrey J. Helmick
United States District Judge